IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL FRENCH,                    *

    Plaintiff,               *

v.                              *           Civil Action No. GLR-23-3528

21ST MORTGAGE CORP.,            *

    Defendant.               *

                            *
                         ***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Paul French's Motion to Certify a Question of Law to the Supreme Court of Maryland ("Motion to Certify") (ECF No. 20) and Defendant 21st Mortgage Corporation's ("21st Mortgage") Motion for Judgment on the Pleadings (ECF No. 16). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will deny the Motion to Certify and grant the Motion for Judgment on the Pleadings.

## I.    BACKGROUND[1]

### A.  **Factual Background**

On or about June 9, 2021, French purchased a manufactured home and land in Maryland and financed the purchase with a $55,000 loan from 21st Mortgage (the "Loan"), which was memorialized in a Loan Agreement. (Compl. ¶¶ 16, 18, 21, ECF No. 6). The

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Loan Agreement "affirmatively elects to be governed" by the Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Com. Law ("CL") § 12-1001 et seq. (Id. ¶ 19). At the inception of the Loan, 21st Mortgage charged French an Insurance Premium, which increases the amount of interest French and class members pay throughout the life of their loans. (Id. ¶¶ 22–24). The Loan Agreement states that French was "required to insure the Manufactured Home against physical damage," and has "the right to choose the entity through which the property insurance is obtained." (Consumer Loan Note, Security Agreement, and Disclosure Statement ["Loan Agreement"] at 2–4,[2] ECF No. 16-2).[3] French purchased property insurance from 21st Insurance, which is a tradename for 21st Mortgage doing business in Maryland as a licensed insurance producer. (Id.; see Compl. ¶ 26).

---

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[3] The Court applies the same standard to Rule 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss for failure to state a claim. Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014). While a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to briefing for the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Courts may also consider documents referred to and relied upon in the complaint—even "if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001). Here, the Loan Agreement and Insurance Policies are clearly integral to the Complaint, which expressly references the Loan Agreement and each of the insurance policies, and there is no dispute as to their authenticity. Accordingly, the Court will consider these documents.

According to French, "21st Mortgage acted as the insurance agent for the sale of insurance policies sold to Named Plaintiff with effective dates starting on May 28, 2021, May 28, 2022, and May 28, 2023." (Compl. ¶ 27). French paid $630.00 in premiums for his property insurance policies issued on May 28, 2021 and May 28, 2022, and paid $672.00 for his policy issued on May 28, 2023 (collectively, the "Insurance Premiums"). (Id. ¶¶ 28–30). French's insurance policies show that he paid the total amounts of the insurance premiums to the underwriting insurer for the respective policies, the American Bankers Insurance Company of Florida ("ABI").[4] (See May 28, 2021 Insurance Policy at 2, ECF No. 16-3; May 28, 2022 Insurance Policy at 4, ECF No. 16-4; May 28, 2023 Insurance Policy at 4, ECF No. 16-5). French asserts that for each policy, "21st Mortgage retained thirty-five percent (35%) of the Insurance Premiums" as a commission where 21st Mortgage served as the insurance agent. (Compl. ¶¶ 33, 73).

**B.    <u>Procedural History</u>**

French filed this putative class action on behalf of himself and all others similarly situated in the Circuit Court for Cecil County, Maryland, on November 9, 2023. (ECF No. 6). 21st Mortgage removed the action to this Court on December 29, 2023. (ECF No. 1). In the Complaint, French asserts three causes of action: declaratory and injunctive relief under Md. Code Ann., Cts. & Jud. Proc. § 3- 406 related to 21st Mortgage's charge and collection of the Insurance Premium, violation of CLEC (CL § 12-1005(d)(1)) related to 21st Mortgage's charge and collection of the Insurance Premiums, and breach of contract

---

[4] It is not clear how ABI was selected, or which party selected ABI.

related to 21st Mortgage's charge and collection of the Insurance Premiums. (Compl. ¶¶ 53–88). On January 12, 2024, 21st Mortgage filed a Motion for Judgment on the Pleadings. (ECF No. 16). On February 2, 2024, French filed a Motion to Certify (ECF No. 20). French filed an Opposition to the Motion for Judgment on the Pleadings on February 7, 2024 (ECF No. 23). 21st Mortgage filed a Reply in support of the Motion for Judgment on the Pleadings and an Opposition to the Motion to Certify on February 23, 2024 (ECF Nos. 26, 27). French filed a Reply in support of the Motion to Certify on March 8, 2024 (ECF No. 28).

## II.    DISCUSSION

### A.    <u>Motion to Certify</u>

#### 1.    Standard of Review

The State of Maryland has authorized federal courts to certify unsettled questions of state law to the Maryland Supreme Court. <u>See</u> Md. Code Ann., Cts. & Jud. Proc. ("CJP") § 12-603; Md. Rule 8-305. The decision to certify requires a two-part inquiry. First, the Court must consider whether the answer "may be determinative of an issue in pending litigation." <u>Antonio v. SSA Sec., Inc.</u>, 749 F.3d 227, 234 (4th Cir. 2014) (quoting CJP § 12-603), <u>certified question answered</u>, 110 A.3d 654 (Md. 2015). Second, the Court must determine whether the question may be answered based on a "controlling appellate decision, constitutional provision, or statute of [Maryland]." <u>Id.</u> (quoting CJP § 12-603). "The decision to certify a question to the Court of Appeals 'rests in the sound discretion of

the federal court.'"[5] <u>Cecilia Schwaber Tr. Two v. Hartford Accident & Indem. Co.</u>, 636

F.Supp.2d 481, 491 (D.Md. 2009) (quoting <u>Lehman Bros. v. Schein</u>, 416 U.S. 386, 391

(1974)).

### 2.    Analysis

French's Motion to Certify asks the Court to certify the following question to the

Maryland Court of Appeals:

> Whether a credit grantor violates CLEC § 12-1005(d)(1)(ii) by
> retaining a portion of an insurance premium as a commission
> on the sale of insurance to a consumer borrower where: 1) the
> type of insurance sold is coverage permitted by CLEC § 12-
> 1007; 2) the credit grantor is a licensed insurance producer; and
> 3) the credit grantor did not mark up the cost that otherwise
> would have been paid for the insurance premium to that
> insurer?

(Pl.'s Mot. Certify Question of Law to the Supreme Ct. of Md. ["Mot. Certify"] at 1, ECF

No. 20). French argues that this action raises "an important question of state law" of which

there is "no controlling authority from the Supreme Court of Maryland." (<u>Id.</u>).

French alleges that 21st Mortgage violated CLEC § 12-1005(d)(1), which provides,

in relevant part:

> In the case of a loan to a consumer borrower, a fee permitted
> under subsection (b) of this section may not be charged and
> collected unless:[](ii) The fee is an actual and verifiable
> expense of the credit grantor not retained by him; and [is] (iii)
> Limited to charges for: []4. Premiums for any insurance
> coverage permitted under this subtitle.

---

[5] Effective December 14, 2022, the Court of Appeals of Maryland was renamed the
Supreme Court of Maryland.

(Id. at 4). It is undisputed that 21st Mortgage is a credit grantor, is a licensed insurance producer, and that 21st Mortgage charged, collected, and retained commission on French's homeowner's insurance premium. The parties also do not dispute that the answer to the proposed question is determinative of this case. (Mot. Certify at 5–6; Opp'n Mot. Certify at 4, ECF No. 27). French argues that the question he seeks to certify is a novel question with no controlling authority that involves the interpretation of several sections of CLEC that the Supreme Court of Maryland has not had an opportunity to address. (Mot. Certify at 5–6). French further argues that resolution of this question is important because "determination related to this issue will impact tens of thousands of Maryland consumers" and will provide clarity to "credit grantors/licensed insurance producers who enter into hundreds of thousands of contracts each year with Maryland consumers." (Id. at 6). 21st Mortgage argues that certification is inappropriate here because CLEC is itself controlling authority regarding the proposed question, and the Court has ample additional guidance from this Court's prior decisions and Appellate Court of Maryland decisions to interpret CLEC provisions at issue here. (Opp'n Mot. Certify at 4–6).

Certification is unnecessary when existing authority permits the court to reach a "reasoned and principled conclusion." Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 622 (D.Md. 2013) (quoting Simpson v. Duke Energy Corp., 191 F.3d 448, at *3 (4th Cir. 1999)). The Court should certify a question only when there exist "genuinely unsettled matters of state law." Id. at 621 (quoting Arrington v. Colleen, Inc., Nos. AMD 00-191, AMD 00-421, AMD 00-1374, 2001 WL 34117735, at *5 (D.Md. Mar. 29, 2001)). "[O]nly if the available state law is clearly insufficient should the court certify the issue to

the state court." <u>New ex rel. D.J.M. v. Astrue</u>, 374 F.App'x 416, 421 (4th Cir. 2010) (quoting <u>Roe v. Doe</u>, 28 F.3d 404, 407 (4th Cir. 1994)).

In a previous case against 21st Mortgage brought by the same counsel for French and based on the exact question presented here, this Court found that when the commission on the insurance premium was paid to 21st Mortgage, 21st Mortgage was acting in its capacity as a licensed insurance provider, and the commission was authorized by Maryland's Insurance Article. <u>Price v. 21st Mortg. Corp.</u>, No. ELH-21-3017, 2023 WL 2213927, at *12 (D.Md. Feb. 23, 2023) ("[T]he commission paid to defendant by an insurer is an entirely separate transaction[,]" . . . "because defendant—acting in its capacity as a licensed insurance producer—was paid a commission authorized by the Insurance Article for the placement of insurance, defendant is not liable under CLEC in its capacity as a credit grantor."). This Court has denied Motions to Certify in similar circumstances where the Court determined "the case involved the same plaintiff's attorneys and a similar claim." <u>Marshall v. James B. Nutter & Co.</u>, No. RDB-10-3596, 2013 WL 3353475, at *7 (D.Md. July 2, 2013), <u>aff'd,</u> 758 F.3d 537 (4th Cir. 2014).

In <u>Price</u>, this Court, interpreting the language of CLEC, reached a "reasoned and principled conclusion" regarding the exact question at issue. <u>See</u> <u>Price</u>, 2023 WL 2213927 at *11–12. In seeking to certify the question at issue to the Supreme Court of Maryland, French is "essentially requesting that this Court ask the Maryland Court to affirm or displace its ruling" in <u>Price</u>. <u>Marshall</u>, 2013 WL 3353475, at *7. Where "[t]he plaintiff sought and received a federal court's interpretation of state law," a request for certification of that question or similar questions to the state court "comes with little grace." <u>Id.</u> (quoting

Smith v. FCX, Inc., 744 F.2d 1378, 1379 (4th Cir. 1984), cert. denied, 471 U.S. 1103 (1985)).

Accordingly, this Court has received sufficient guidance with respect to the specific issue in this case, and French's Motion to Certify Questions of Law to the Supreme Court of Maryland will be denied.

**B.    Motion for Judgment on the Pleadings**

**1.    Standard of Review**

Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Court applies the same standard to Rule 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss for failure to state a claim. Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014). The Court tests "the sufficiency of a complaint" but will not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). As the Court addresses sufficiency, it bears in mind the requirements of Federal Rule of Civil Procedure 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and state "a plausible claim for relief," Iqbal, 556 U.S. at 678–79. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. Although the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a 12(c) motion, "all well-pled facts are assumed to be true and all reasonable inferences are drawn in favor of the non-moving party." Language Doctors, Inc. v. MCM 8201 Corp., LLC, No. PWG-20-1755, 2021 WL 718940, at *3 (D.Md. Feb. 24, 2021); Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 702 (4th Cir. 2016). "Ultimately, 'a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff.'" Somerville v. W. Town Bank & Tr., No. PJM-19-490, 2020 WL 8256358, at *1 (D.Md. Dec. 4, 2020) (citation omitted). "Moreover, unlike a Rule 12(b)(6) motion, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage in the litigation." Id. A motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." United States v. Castillo, No. PWG-19-3459, 2021 WL 825974, at *3 (D.Md. Mar. 4, 2021) (quoting Shooting Point, LLC v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002)).

### 2.       Analysis

As detailed above, French, on behalf of class members, argues that 21st Mortgage violated CLEC by charging an insurance premium and receiving a commission from ABI, the third party insurer, in violation of C.L. § 12-1005(d)(1), a provision of CLEC which limits the fees a credit grantor is permitted to charge to only those that are the "actual and verifiable expense of the credit grantor not retained by him." (Compl. ¶¶ 53–88). 21st Mortgage argues that French "paid the [property insurance premium] set by ABI and approved by the Maryland Insurance Administration." (Mot. J. at 7). 21st Mortgage avers that it did not charge or collect any more than the amount set by ABI and did not retain a fee as the credit grantor but rather received a commission from ABI "in its separate capacity as a licensed insurance producer for the placement of the insurance." (Id.).

Under Maryland law, the rates for all homeowner's insurance policies must be filed with, and approved by, the Maryland Insurance Administration. See Md. Code (2013 Repl. Vol.), §§ 11-206, 11-213 of the Insurance Article ("Ins."). Here, it is undisputed that 21st Mortgage is a licensed insurance producer and that French voluntarily chose 21st Mortgage as the insurance producer. (Loan Agreement at 2–3). 21st Mortgage separately had some agreement with ABI, the insurer, that allowed 21st Mortgage to receive a 35% commission for its placement of the homeowner's insurance. (See Compl. ¶ 33). None of this commission was paid by French or class members. (See id. ¶¶ 28–33; Opp'n Mot. J. at 31). French would have paid the exact same amount, an amount preapproved by the Maryland Insurance Administration, had French paid ABI directly. (Id.).

Based on a plain reading of the language of CLEC, the Court finds that 21st Mortgage did not violate CLEC by receiving a commission from ABI. CL § 12-1005(d), the provision French contends 21st Mortgage violated, is inapplicable to the commission at issue because the commission is not a fee or a charge to French. As French acknowledges, he would have paid the exact same amount for his insurance coverage from ABI regardless of whether ABI paid 21st Mortgage a commission. (Opp'n Mot. J. at 31). CL § 12-1005(d) only governs charges to consumer borrowers; it does not regulate commissions received from third parties. The commission here arose from a separate agreement between ABI and 21st Mortgage in its capacity as a licensed insurance producer placing insurance with a third-party insurer. See Price, 2023 WL 2213927, at 12. The Appellate Court of Maryland in Len Stoler Inc. v. Wisner held that a credit grantor's receipt of a tax allowance was not subject to CL § 12-1005(d) because the tax allowance, which did not result on the borrower being charged "any additional amount" beyond what he "otherwise [would] have paid" did not constitute a fee or charge to the borrower. 115 A.3d 720 at 727, 732–33 (Md.App. 2015), cert. denied Wisner v. Len Stoler, Inc., 122 A.3d 976 (Md. 2015). The holding is applicable here. Because French did not pay any more than the exact insurance premium rate set by ABI and approved by the State, the commission 21st Mortgage received from ABI is not a fee or charge to French, the consumer borrower, and CL § 12-1005(d) does not govern the commission.

French's discussion of the legislative history of the provision, and in particular the addition of the phrase "[t]he fee is an actual and verifiable expense of the credit grantor not retained by him," (Opp'n Mot. J. at 18–25), does not change the fact that the section only

governs "fees" to consumer borrowers, and the commission on the insurance premium, for which French was charged nothing beyond what he otherwise would have paid, is not a fee or charge to the consumer borrower. French also directs the Court to consider the similar legislative histories of other statutes, but the Fourth Circuit has explained that CLEC in particular was enacted as part of the "Credit Deregulation Act" for the purpose of "entic[ing] creditors to do business in the State" and as such "is best read to handle credit grantors with a relatively light touch while still protecting consumers." Askew v. HRFC, LLC, 810 F.3d 263, 270 (4th Cir. 2016) (quoting Ford Motor Credit Co. v. Roberson, 25 A.3d 110, 117–18 (Md. 2011)).

Additionally, the commission at issue does not violate CLEC because CLEC explicitly states that placement of insurance is governed by Maryland's Insurance Article. C.L. § 12-1007(e) ("The offer and placement of insurance under this section shall be subject to the provisions of the Insurance Article."). This Court previously found in Price that in receiving a nearly identical commission 21st Mortgage was acting as an insurance producer and not a credit grantor, and accordingly payment of the commission was not subject to CLEC but was authorized by Maryland's Insurance Article. Price, 2023 WL 2213927, at *11–12; see Ins. § 10-130(a). French argues that CLEC and Maryland's Insurance Article conflict, (Opp'n Mot. J. at 8–10), however CLEC and Maryland's Insurance Article can easily be read in harmony. CLEC regulates charges to consumer borrowers. It does not regulate transactions between third party insurers and insurance providers, which are governed by Maryland's Insurance Article. To the extent French argues that CLEC repealed by implication arguably conflicting sections of Maryland's

Insurance Article, the "law does not favor repeal by implication." <u>Bd. of Educ. of Garrett Cnty. v. Lendo</u>, 453 A.2d 1185, 62–63 (Md. 1982). The CLEC expressly defers to sections of Maryland's Insurance Article. <u>See</u> CL § 12-1007(e) ("The offer and placement of insurance under this section shall be subject to the provisions of the Insurance Article."). It seems unlikely that Maryland's legislature at the same time would have intended to implicitly repeal other provisions of Maryland's Insurance Article. The Court agrees with the holding in <u>Price</u> that ABI's payment of a commission to 21st Mortgage in its capacity as an insurance producer is not prohibited by CLEC. 2023 WL 2213927, at *12.

French also argues that two 1968 Supreme Court of Maryland Opinions, <u>B.F. Saul Company v. West End Park North, Inc.</u>, 246 A.2d 591 (Md. 1968) and <u>The Equitable Life Assurance Society of the United States v. Insurance Commissioner of Maryland</u>, 246 A.2d 604 (Md. 1968), support his reading of the CLEC. (Opp'n Mot. J. at 26–30). This Court in <u>Price</u> already found that those same two cases did not support plaintiffs' identical argument. As the Court previously stated, "both cases were decided in 1968, fifteen years before the passage of CLEC in 1983, and thus do not provide persuasive value with regard to the relevant interpretation of CLEC." <u>Price</u>, 2023 WL 2213927, at *11. Additionally, the holdings in the cases that "a lender may retain a portion of an insurance premium, but any such retained amount constitutes 'interest' . . . are now inconsistent with the plain language of CLEC," <u>id.</u> (internal citation omitted), which provides that "premiums for any insurance coverage permitted by this section are not interest with respect to a loan," C.L. § 12-1007(d). As such, the nearly sixty-year-old cases offer little interpretive value to this Court.

French stated in his Motion for Certification, "if this Court agrees with the rationale of <u>Price</u>, then this Court can summarily dispose of this litigation like Judge Hollander did in <u>Price</u>." (Mot. Certify at 5). The Court finds that ABI's payment of a commission to 21st Mortgage for placement of insurance is a separate transaction from 21st Mortgage's loan agreement with French. While the loan agreement is governed by CLEC, the commission is not. The commission is both not a charge to French, so it is not a fee subject to CL § 12-1005(d), and the commission concerns placement of insurance, which CL § 12-1007(e) makes clear is governed by Maryland's Insurance Article. Thus, CLEC is inapplicable to 21st Mortgage's receipt of a commission, which is governed and authorized by Maryland's Insurance Article.

### III.    CONCLUSION

For the foregoing reasons, the Court will deny French's Motion to Certify a Question of Law to the Supreme Court of Maryland (ECF No. 20) and grant 21 Mortgage's Motion for Judgment on the Pleadings (ECF No. 16). A separate Order follows.

Entered this 7th day of June, 2024.

_____/s/_____
George L. Russell, III
United States District Judge